**ELLAY STORES, Inc., v. SAVITZ.**

No. 190.

District Court, M. D. Pennsylvania.

Dec. 22, 1939.

David Landau, of Scranton, Pa., for plaintiff.

Louis Shaffer, of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

The Plaintiff sued the Defendant and in its complaint alleged, inter alia, that it and its predecessors for more than thirty years operated and conducted several stores under the trade name "Peoples Clothing Company"; that the Defendant, trading under the name of "Peoples Household Supply Company" operated stores in some of the cities in which Plaintiff had its stores; that the Defendant, through his employees, has solicited business with words, actions, conduct and silence calculated to deceive the public and Plaintiff's customers into believing that they were dealing with Plaintiff; that the public and said customers have been deceived, and are being deceived, to the loss and damage of the Plaintiff in the sum of Ten Thousand Dollars ($10,000). The Plaintiff prayed that an injunction issue against the Defendant, its agents and employees, and that the Defendant be required to pay damages, and for such other relief as is just.

The Defendant moved to dismiss the complaint, and the Court, feeling that the complaint sufficiently alleged a case of fraudulent and unfair competition for which the Plaintiff would be entitled to relief, dismissed the motion. The Defendant filed an answer and a counterclaim, to which counterclaim Plaintiff filed a reply.

A rule to show cause why a preliminary injunction should not be granted was entered and came on to be heard, at which hearing much testimony was taken. At the hearing, it was agreed by and between counsel for the Plaintiff and counsel for the Defendant that the testimony taken at the hearing should be considered by the Court as testimony taken upon final hearing, and that the hearing should be considered a final hearing. After the testimony was transcribed arguments by counsel were heard. Briefs and requests for findings were filed by counsel, and the matter is now before the Court for final disposition.

 Counsel for the Plaintiff, during the course of the trial, conceded that the Plaintiff did not have an exclusive right to the use of the word "peoples" as a trade name. It is also evident that the word "peoples" cannot have acquired a secondary meaning as indicating the Plaintiff alone. The evidence shows that there are a large number of other stores in the communities where the Plaintiff and Defendant are, which have been using the word "peoples" as part of their trade names. The sole question, therefore, which must be determined by the Court is, whether or not the Defendant has conducted his business in such a manner as to constitute unfair competition with the Plaintiff. The burden was upon the Plaintiff to show by clear and satisfactory evidence that the Defendant did so conduct his business. Suravitz v. Prudential Insurance Company of America, 261 Pa. 390, 104 A. 754.

 The manner in which the Plaintiff's business is operated is not improper. A business is not unlawful solely because it does not maintain a store wherein its wares are displayed to the public; because the windows of its warehouses are frosted; because it does not advertise either in newspapers or by direct mail; or because it operates in identical territories with a competing concern. Such conduct is an approved and ordinary manner of transacting business. It becomes wrongful only where its purpose is to effect an unlawful result. The Plaintiff has produced some evidence of confusion in

464

the minds of the public as to the separate identities of the Plaintiff and Defendant, but has failed to prove that this confusion resulted from any unfair practices on the part of the Defendant.

Careful consideration has been given to all the evidence which was offered in the case, and the Court feels that the Plaintiff has utterly failed to meet the burden which was upon it to show that the Defendant was guilty of unfair competition.

At the trial, the Defendant offered no evidence in support of his counterclaim and, therefore, judgment on the counterclaim must be rendered in favor of the Plaintiff.

Now, December 22, 1939, judgment is directed to be entered against the Plaintiff and in favor of the Defendant on the complaint. It is further ordered that judgment be entered in favor of the Plaintiff and against the Defendant on the Defendant's counterclaim. It is further ordered that the costs of this proceeding be paid by the Plaintiff.

Findings of Fact and Conclusions of Law are filed herewith.